**IT IS ORDERED as set forth below:**

Date: May 21, 2009

_____
**Robert E. Brizendine**
**U.S. Bankruptcy Court Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CHAPTER 11** |
| | ) | |
| **HLA, INC.,** | ) | **CASE NO. 09-22026-reb** |
| | ) | |
| Debtor. | ) | |

**ORDER AUTHORIZING OPERATIONS IN**
**ACCORDANCE WITH POST-PETITION BUDGET**

The above-captioned case came before the Court on May 20, 2009, for consideration of the "Motion Requesting Entry of Order Authorizing Operations in Accordance with Post-Petition Budget" (the "Motion") filed by HLA, Inc. ("Debtor") on May 20, 2009. In the Motion, Debtor requested entry of an order authorizing the payment of post-petition operational expenses in accordance with the budget ("Budget") attached hereto and incorporated herein by reference as Exhibit "A." Additionally, to the extent any entity asserts an interest in cash collateral, Debtor requested authorization to use cash collateral in accordance with Section 363 of the Bankruptcy Code.

As set forth in the certificate of service, notice of the hearing was given via facsimile, or electronic transmission to creditors and parties-in-interest. Given the circumstances notice of the hearing was sufficient and no further notice is required.

At the hearing, (i) M. Denise Dotson appeared on behalf of the Debtor, (ii) Jeffrey D. Cooper appeared telephonically on behalf of a group of judgment creditors, and (iii) James Morawetz appeared on behalf of the Office of the United States Trustee.

Based upon a review of the Motion and the representations of counsel, it appears that good and sufficient cause exists to grant the Motion. Accordingly, it is hereby ORDERED as follows:

1. The Debtor is authorized to operate and remit payments in accordance with the Budget attached hereto through and including June 30, 2009. Debtor may use Cash Collateral only for ordinary and necessary business expenses of the Debtor consistent with the specific items and the amounts contained in the attached budgets and for no other purposes; provided, however, any individual budget line item may vary by up to 10% as long as the total expenses do not exceed the budgeted expenses.

2. To the extent any entity asserts an interest in cash collateral, Debtor may use cash collateral in accordance with the terms and conditions set forth herein. Additionally, any entity asserting an interest in cash collateral shall be granted replacement liens on the collateral to the same extent, validity, and priority as the prepetition liens; and the continuing validity of any and all financing statements filed by the Lender which were effective to perfect the security interest granted pre-petition to each entity are hereby expressly confirmed and deemed sufficient to perfect the replacement liens granted by the Order; and upon request by such entity, the Debtor shall execute any further documents deemed necessary or appropriate to evidence, perfect, or

2

otherwise establish such post-petition replacement liens under this Order, and such entity is expressly authorized to record or file any such financing statements or other documents deemed necessary or appropriate to evidence, perfect or establish their post-petition replacement liens granted by this Order.

3. No payments may be made to any insiders of the Debtor, including but not limited to Kenneth Spooner, or to any creditors on behalf of any insider.

4. No payments may be made to Dr. Leonard A. Buccellato or to any creditors on behalf of Dr. Leonard A. Buccellato.

5. Debtor is directed to serve a copy of this Order upon the appropriate parties-in-interest within three (3) business days after entry.

6. Entry of this Order is without prejudice to the claims, rights, and actions that the Debtor may have to challenge the nature, validity, or extent of liens that may be asserted by any entity.

7. Entry of this Order is without prejudice to the rights, claims, and defenses that any entity may assert in any action by the Debtor to challenge the nature, validity, or extent of liens asserted by said entity.

**END OF DOCUMENT**

Order prepared and presented by:
M. DENISE DOTSON, LLC
Proposed Counsel for the Debtor
*/s/ M. Denise Dotson*
M. Denise Dotson
Georgia Bar No. 227230
170 Mitchell Street
Atlanta, GA 30303
(404) 526-8869 Telephone
(404) 526-8855 Facsimile
ddotsonlaw@me.com

Distribution List:
M. Denise Dotson, 170 Mitchell Street, Atlanta, GA 30303

Office of the United States Trustee, Attn: Jim Morawetz, 75 Spring Street, Atlanta, GA 30303

# CERTIFICATE OF NOTICE

```
District/off: 113E-8          User: lhd                    Page 1 of 1                  Date Rcvd: May 22, 2009
Case: 09-22026               Form ID: pdf415              Total Served: 3

The following entities were served by first class mail on May 24, 2009.
db           +HLA, Inc.,   1950 North Park Place,   Suite 400,   Atlanta, GA 30339-2044
aty          +M. Denise Dotson,   M. Denise Dotson, LLC,   170 Mitchell St.,   Atlanta, GA 30303-3441
ust          +Office of the US Trustee,   Suite 362,   75 Spring Street, SW,   Atlanta, GA 30303-3330

The following entities were served by electronic transmission.
NONE.                                                                                                TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: May 24, 2009**                    Signature:    _Joseph Speetjens_