IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| HLA, INC., | ) | CASE NO. 09-22026-reb |
| | ) | |
| Debtor. | ) | |

**MOTION REQUESTING ENTRY OF ORDER (1) ESTABLISHING
PROCEDURES FOR UTILITIES TO REQUEST ADEQUATE ASSURANCE
OF PAYMENT, (2) ESTABLISHING PROCEDURES FOR RESOLVING
DISPUTES RELATING TO ADEQUATE ASURANCE REQUESTS, AND
(3) REQUEST FOR EXPEDITED HEARING**

COMES NOW HLA, Inc. ("Debtor"), by and through the undersigned counsel, and hereby files this "Motion Requesting Entry of Order (1) Establishing Procedures for Utilities to Request Adequate Assurance of Payment, and (2) Establishing Procedures for Resolving Disputes Relating to Additional Adequate Requests" (the "Motion"). In support of the Motion, Debtor shows the Court as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Background**

2. On May 14, 2009 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (as amended, modified, or supplemented the "Bankruptcy Code").

3. Debtor is a non-profit Georgia corporation. Kenneth Spooner is the Debtor's Chief Executive Officer, Chief Financial Officer, Secretary, and sole board member. Debtor's

primary place of business is located at 830 Hidden Lake Road, Dahlonega, Georgia ("Premises"). The Premises consist of approximately 200 acres of land and numerous buildings.

4. Pursuant to a lease agreement dated January 1, 1998, as subsequently amended on January 20, 1999, and as evidenced by that certain Memorandum of Lease dated January 20, 1999 recorded in Deed Book X-21, Page 118 with the Lumpkin county Superior Court Clerk, the Premises are leased from Hidden Lake Academy, Inc. ("Academy"). The Academy, a related entity, also filed for Chapter 11 bankruptcy protection on the Petition Date. At the time of the bankruptcy filing, a foreclosure was scheduled for the first Tuesday in June against the Premises.

5. HLA is a therapeutic boarding school that offers educational and counseling services in a therapeutic environment to adolescents experiencing serious struggles with emotional and behavioral issues including, without limitation, oppositional-defiant behavior, depression, addiction disorders, and attention deficit disorders. HLA seeks to help a child develop physically, academically, socially, spiritually, and emotionally. HLA program runs for approximately eighteen (18) months and HLA offers rolling enrollment. Currently, sixty-four (64) students are enrolled at HLA. HLA began operations in 1994 and experienced steady and rapid growth during the next twelve (12) years.

6. HLA is licensed as a child care institution with the Georgia Department of Human Services and is accredited by the Southern Association of Colleges and Schools, Southern Association of Independent Schools, and Georgia Accrediting Commission. HLA is also a member of Georgia Independent School Association.

7. HLA began experiencing difficulties in 2006. In March of 2006, the business manager resigned. After the resignation, it was determined that certain taxes and vendors were not paid. The replacement business manager was terminated after approximately two (2)

months. Despite these issues, HLA enrolled thirty-two (32) students from the end of July 2006 through September 15, 2006.

8. On September 11, 2006, a class action complaint was filed in the United States District Court for the Northern District of Georgia, Gainesville Division ("District Court"), case no. 06-CV-0146, captioned *Jill Ryan and Ryan, and Doff Meyer and Ribin Brecker, individually and on behalf of others similarly situated ("Plaintiffs") vs. Hidden Lake Academy, Inc., HLA, Inc., Hidden Lake Foundation, Inc[1]., and Dr. Leonard Buccellato* ("District Court Litigation"). In their complaint ("Complaint"), the Plaintiffs asserted the following four causes of action: (i) breach of contract against HLA; (ii) breach of the implied covenant of good faith and fair dealing; (iii) violations of Georgia's fair business practices act against HLA, the Academy, Hidden Lake Foundation, Inc. and Dr. Leonard Buccellato (collectively, HLA, the Academy, Hidden Lake Foundation, Inc. and Dr. Leonard Buccellato are referred to herein as the "Defendants"); and (iv) unjust enrichment against the Defendants. A summary of the pleadings and resolution of the District Court Litigation is set forth below:

    a. answer to Complaint and counter-claim filed by HLA on November 8, 2006;

    b. answers to Complaint filed by the Academy, Hidden Lake Foundation, Inc., and Dr. Leonard Buccellato on November 10, 2006;

    c. motion filed by the Plaintiffs seeking permission to proceed anonymously filed on November 16, 2006 and response in opposition thereto filed by the Defendants on December 6, 2006;

---

[1] Hidden Lake Foundation, Inc. is a nonprofit corporation that raises funds for the school.

    d. motion for judgment on the pleadings with supporting briefs filed by the Defendants on November 21, 2006, response in opposition thereto filed by Plaintiffs on December 18, 2006, and reply brief filed by Defendants on January 16, 2007;

    e. motion to dismiss HLA's counterclaim filed by Plaintiffs on November 28, 2006, response in opposition thereto filed by HLA on December 22, 2006; and

    f. motion to certify class filed by Plaintiffs on December 11, 2006, response in opposition thereto filed by Defendants on December 29, 2006, and reply brief filed by Plaintiffs on January 19, 2007;

  9. With respect to the motions set forth above, the District Court entered the following orders:

    a. order denying Plaintiff's motion to proceed anonymously entered on February 9, 2007;

    b. order granting Plaintiff's motion to dismiss HLA's counterclaim entered on March 26, 2007;

    c. order granting in part and denying in part Defendant's motion for judgment on the pleadings entered on April 2, 2007 wherein, the District Court dismissed the following claims (i) Meyer and Brecker's claims brought under Georgia's fair business practices act, (ii) Ryans' claim against Hidden Lake Foundation, Inc., and Dr. Leonard Buccellato brought under Georgia's fair business

    practices act; (iii) Plaintiffs' unjust enrichment claim against HLA; and (iv) plaintiffs' request for injunctive relief; and

   d. order denying, without prejudice, Plaintiff's motion to certify class entered on August 15, 2007.

10. A settlement agreement resolving the District Court Litigation was reached by the parties. On October 24, 2008, the District Court entered an order and final judgment which approved the settlement agreement and closed the case. The Clerk of the District Court issued a writ of execution on February 18, 2009.

11. As a result of the District court Litigation, HLA and the other defendants incurred substantial legal expense which was not covered by insurance. Enrollment declined during the District Court Litigation and the negative publicity associated therewith. Lastly, the overall economic decline has impacted the Debtor.

12. Unfortunately, during the litigation and other issues, HLA's financial resources were depleted. HLA was unable to pay certain obligations including, without limitation, rent, taxes, and the settlement. HLA determined that reorganizing under chapter 11 of the Bankruptcy Code provided the most efficient method to reorganize its financial affairs. HLA reestablished its relationship with the referral base and enrollment has stabilized. Thus, HLA has the foundation to reorganize.

**Relief Requested**

13. By this Motion, Debtor request the immediate entry of an order : (a) prohibiting the Providers from altering, refusing, or disconnecting services on account of the failure to pay a prepetition invoice when due, the filing of this bankruptcy case, or the failure to post a deposit; (b) providing that the Providers have "adequate assurance of payment" within the meaning of

Section 366 of the Bankruptcy Code, as a result of their administrative claims for postpetition services or Debtor's payment for postpetition services on a current basis, without payment of additional deposits or security; and (c) establishing procedures for determining requests for additional adequate assurance made by the Providers.

## Basis for Relief Requested

14. Section 366 protects a debtor from the immediate termination of services upon the commencement of a bankruptcy case and simultaneously requires a debtor to provide utility companies with adequate assurance of payment for post-petition utility services. See H.R. Rep. No. 595, 95th Cong., 1st Sess. 350, reprinted in 1978 U.S.C.C.A.N. 6306. Section 366 of the Bankruptcy Code provides, in pertinent part, as follows:

> (a) Except as provided in subsection (b) and (c), a utility may not alter, effuse, or discontinue service, to or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debtor owed by the debtor to such utility for service rendered before the order for relief was not paid when due.
>
> (b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.
>
> (c) …with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30 day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance for utility service that is satisfactory to the utility….

11 U.S.C. §366(a), (b), and (c).

15. Section 366 applies to companies providing electricity, natural gas, water, and telephone services along with entities providing services that cannot be readily obtained or replaced or which has a monopoly with respect to the services being provided to a debtor. See H.R. Rep. No. 95-585, at 350 (1977); S. Rep. No. 95-989, at 60 (1978).

16. Debtor is capable of keeping current on postpetition obligations that will become due and owing to the Providers.

17. Debtor proposes to provide adequate assurance of payment in one of the following ways or any combination thereof: (a) an administrative claim against the estate for postpetition services, pursuant to Sections 503(b) and 507 of the Bankruptcy Code; and (b) by remitting payments for postpetition amounts on a current and ongoing basis.

18. The requested relief is in there best interest of the estate. Uninterrupted utility service is critical to Debtor's ministry and school operations. Any alteration, refusal or discontinuance of service to, or discrimination in providing services will result in serious damage to the Debtor's estate and ministry, and will jeopardize Debtor's reorganizational efforts.

19. The relief sought in this Motion is without prejudice to the rights of any Providers to request additional assurances from the Debtor in the form of deposits or other security. With respect to requesting additional assurances, Debtor proposes the following procedure:

> (a) Providers must request additional assurance in writing so that it is actually received by Debtor's counsel, M. Denise Dotson, M. Denise Dotson, LLC, 170 Mitchell Street, Atlanta, Georgia 30303 within thirty (30) days after entry of an order approving this Motion. Any requests received after the Provider Request Deadline shall be untimely and null and void.;
>
> (b) In the event Debtor believes that a timely request for additional assurances made by a Provider is unreasonable and the parties are unable to reach a consensual resolution, the Utility shall be required to file a motion for determination of adequate

7

assurance of payment (the "Payment Determination Motion") requesting a hearing. A Payment Determination Motion must be filed within thirty (30) days after a written request for additional assurances; and

(c) In the event a Hearing is scheduled, the Provider shall be deemed to have adequate assurance of payment until an order of the Court is entered in connection with the Hearing.

20. Notice of the Motion and any hearing thereon shall be provided to each Provider, the United States Trustee and the parties reflected on the Debtor's List of 20 largest unsecured creditors filed pursuant to Bankruptcy Rule 1007(b). In light of the urgent nature and the relief requested, Debtor submits that no further notice is required. Debtor requests that the Court shorten any applicable notice period and schedule an expedited hearing on the Motion.

WHEREFORE, Debtor requests that the Court (i) schedule an expedited hearing on the Motion on or before June 3, 2009, (ii) approve the Motion and relief requested herein, (iii) direct that Providers shall not alter, refuse, or discontinue postpetition service on account of Debtor's bankruptcy filing or prepetition arrearages or the failure to post a deposit, (iv) establish procedures for determining requests for additional adequate assurance, and (v) grant such other relief as is deemed just and proper.

Submitted this 1st day of June, 2009.

**M. DENISE DOTSON, LLC**
 *s/ M. Denise Dotson*
M. Denise Dotson
Georgia Bar No. 227230
170 Mitchell Street
Atlanta, Georgia 30309
(404) 526-8869
(404) 526-8855 Facsimile
ddotsonlaw@me.com

Proposed Attorneys for Debtor and Debtor in Possession

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have served a true and correct copy of the within and foregoing document by placing same in a properly addressed envelope with adequate postage affixed thereon by placing same in the U.S. Mail upon those parties referenced below:

Charles Gibson
Chief Executive Officer
Amicalola Electric Membership Corp.
544 Highway 515 South
Jasper, GA 30143

Ivan G. Seidenberg
Chairman & Chief Executive Officer
Verizon
PO Box 105378
Atlanta, GA 30348

Charles Fendley
Registered Agent
Amicalola Electric Membership Corp.
544 Highway 515 South
Jasper, GA 30143

Jeff Gardner
President & Chief Executive Officer
Windstream Communications
1720 Galleria Blvd.
Charlotte, NC 28270

Verizon Legal
PO Box 1001
San Angelo, TX 76902

This 1st day of June, 2009.

**M. DENISE DOTSON, LLC**
 *s/ M. Denise Dotson*
M. Denise Dotson
Georgia Bar No. 227230
170 Mitchell Street
Atlanta, Georgia  30309
(404) 526-8869
(404) 526-8855 Facsimile
ddotsonlaw@me.com