IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

ENTERED ON DOCKET
6/3/09

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| HLA, INC., | ) | CASE NO. 09-22026-reb |
| | ) | |
| Debtor. | ) | |

**ORDER ESTABLISHING PROCEDURES FOR (1) PROVIDERS TO REQUEST ADEQUATE ASSURANCE OF PAYMENT, AND (2) RESOLVING DISPUTES RELATING TO ADEQUATE ASSURANCE REQUESTS**

The above-captioned case came before the Court on June 13, 2009, for a hearing on the "Motion Requesting Entry of Order (1) Establishing Procedures for Utilities to Request Adequate Assurance of Payment, and (2) Establishing Procedures for Resolving Disputes Relating to Adequate Assurance Requests" ("Utilities Motion") filed on March 6, 2008 by Covenant Christian Ministries, Inc. ("Debtor"). In the Utilities Motion, Debtor requested entry of an order: (a) prohibiting Providers[1] from altering, refusing, or disconnecting services on account of the failure to pay a prepetition invoice when due, the filing of this bankruptcy case, or the failure to post a deposit; (b) providing that the Providers have "adequate assurance of payment" within the meaning 11 U.S.C. §366 as a result of their administrative claims for postpetition services or Debtor's payment for postpetition services on a current basis, without payment of additional deposits or security; and (c) establishing procedures for determining requests for additional adequate assurance made by Providers.

Debtor further requested that any applicable notice period be shortened and that an expedited hearing be scheduled on the Utilities Motion. Notice of the hearing on the Utilities Motion was served upon the Providers and parties-in-interest via facsimile, electronic

---

[1] Capitalized terms not otherwise defined shall have the meanings set forth in the Utilities Motion.

1

transmission as set forth in the certificate of service on file with the Court. Based upon the circumstances, it appears notice was sufficient and no further notice is required.

M. Denise Dotson appeared at the hearing on behalf of the Debtor. No responses or objections to the Utilities Motion were filed or raised in open Court. Based upon a review of the Utilities Motion and the representations contained therein and based upon the proffer of Debtor's counsel, it appears good and sufficient causes exists to grant the Utilities Motion. Therefore, it is hereby ORDERED as follows:

1. The Utilities Motion is GRANTED.

2. Debtors shall pay on a timely basis, in accordance with their prepetition practices, all undisputed invoices in respect of postpetition utility services rendered by the Providers to the Debtor.

3. Any deposits, bonds, letters of credit or other assurances of payment that were in place prior to the Petition Date shall remain in place and shall continue to be held by the Providers holding same, except upon entry of further order of this Court upon proper application.

4. Absent any further order of this Court, each of the Providers is prohibited from altering, refusing, or discontinuing services to, discriminating against the Debtor or requiring the payment of a deposit or other security in connection with a prepetition invoice for utility services including, but not limited to, the furnishing of gas, electric, water, telephone, or any other utility or similar service furnished to Debtor.

5. Pursuant to 11 U.S.C. §503(b)(1)(A), any unpaid postpetition utility charges constitute actual and necessary expenses of preserving Debtor's estate, entitling the Providers to administrative expense priority under 11 U.S.C. §507.

2

6. This Order is without prejudice to the rights of the Providers to request additional assurances from the Debtor in the form of deposits or other security in accordance with the procedures set forth herein.

7. Providers must request additional assurance in writing so that it is actually received by Debtor's counsel, M. Denise Dotson, M. Denise Dotson, LLC, 170 Mitchell Street, Atlanta, GA 30303 within **thirty (30) days** after entry of this Order ("Provider Request Deadline").

7. Any Provider that fails to make a timely request for additional adequate assurance, as provided herein, shall be deemed to have adequate assurance of payment for postpetition utility services without the payment of any deposits or further security. Any requests for additional adequate assurance received after the Provider Request Deadline shall be null and void.

8. In the event Debtor believes that a timely request for additional assurances made by a Provider is unreasonable and the parties are unable to reach a consensual resolution, the Provider shall be required to file a motion for determination of adequate assurance of payment (the "Payment Determination Motion") requesting a hearing.

9. A Payment Determination Motion must be filed within **thirty (30) days** after a written request for additional assurances.

10. In the event a Hearing is scheduled, the Provider shall be deemed to have adequate assurance of payment until an order of the Court is entered in connection with the Hearing.

3

11. Nothing in this Order shall be deemed to affect any burden of proof that either Debtor or any Providers may have at any hearing scheduled to consider a Payment Determination Motion.

12. Debtor's counsel is directed to serve a copy of this Order upon the Providers and all other appropriate parties-in-interest within three (3) days after entry and shall file a certificate attesting to the manner and method of service.

~~[End of Document]~~

So ordered this, 3rd day of June, 2009

Robert E. Brizendine
U.S. Bk Judge

Order prepared and presented by:
M. DENISE DOTSON, LLC

/s/ M. Denise Dotson
M. Denise Dotson
Georgia Bar No. 227230
170 Mitchell Street
Atlanta, GA 30303
(404) 526-8869
(404) 526-8855 Facsimile
ddotsonlaw@me.comm

Distribution List:

M. Denise Dotson, M. Denise Dotson, LLC, 170 Mitchell Street, Atlanta, GA 30303

Jim Morawetz, Office of the United States Trustee, 362 Richard Russell Federal Bldg., 75 Spring Street, Atlanta, Georgia 30303

4