IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| HLA, INC., | ) | CASE NO. 09-22026 |
| | ) | |
| Debtor. | ) | |

## STATUS REPORT

COMES NOW HLA, Inc. ("Debtor"), by and through the undersigned counsel, and hereby files this Stats Report. Debtor shows the Court as follows:

1. On May 14, 2009 ("Petition Date"), Debtor and an affiliated entity Hidden Lake Academy ("Academy") each filed voluntary petitions for bankruptcy relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, modified, or supplemented, the "Bankruptcy Code"). No trustee has been appointed. Debtor continues to operate its business and manage its affairs as a debtor in possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code.

2. Debtor is a non-profit Georgia corporation. Kenneth Spooner is the Debtor's Chief Executive Officer, Chief Financial Officer, Secretary, and sole board member. Debtor's primary place of business is located at 830 Hidden Lake Road, Dahlonega, Georgia ("Premises"). The Premises consist of approximately 200 acres of land and numerous buildings.

3. Pursuant to a lease agreement dated January 1, 1998, as subsequently amended on January 20, 1999, and as evidenced by that certain Memorandum of Lease dated January 20, 1999 recorded in Deed Book X-21, Page 118 with the Lumpkin county Superior Court Clerk, the Premises are leased from Hidden Lake Academy, Inc.

("Academy").  The Academy, a related entity, also filed for Chapter 11 bankruptcy protection on the Petition Date.  At the time of the bankruptcy filing, a foreclosure was scheduled for the first Tuesday in June against the Premises.

4. HLA is a therapeutic boarding school that offers educational and counseling services in a therapeutic environment to adolescents experiencing serious struggles with emotional and behavioral issues including, without limitation, oppositional-defiant behavior, depression, addiction disorders, and attention deficit disorders.  HLA seeks to help a child develop physically, academically, socially, spiritually, and emotionally.  HLA program runs for approximately eighteen (18) months and HLA offers rolling enrollment.

5. HLA is licensed as a child care institution with the Georgia Department of Human Services and is accredited by the Southern Association of Colleges and Schools, Southern Association of Independent Schools, and Georgia Accrediting Commission.  HLA is also a member of Georgia Independent School Association.

6. HLA began experiencing difficulties in 2006.  In March of 2006, the business manager resigned.  After the resignation, it was determined that certain taxes and vendors were not paid.  The replacement business manager was terminated after approximately two (2) months.

7. On September 11, 2006, a class action complaint was filed in the United States District Court for the Northern District of Georgia, Gainesville Division ("District Court"), case no. 06-CV-0146, captioned *Jill Ryan and Ryan, and Doff Meyer and Robin Brecker, individually and on behalf of others similarly situated ("Plaintiffs") vs. Hidden*

*Lake Academy, Inc., HLA, Inc., Hidden Lake Foundation, Inc[1]., and Dr. Leonard Buccellato* ("District Court Litigation").  The District Court Litigation has been summarized in prior pleadings filed with the Court.  The parties to the District Court Litigation entered into a settlement agreement resolving the matter.  A judgment in the amount of $400,000.00 was entered against the Defendants.

8. Prior to the Petition Date, the Plaintiffs instituted garnishment proceedings against the Debtor and the Academy in the Superior Court of Lumpkin County.  The Plaintiffs garnished approximately $83,000.00 from various bank accounts.  Additionally, as of the Petition Date, a foreclosure was scheduled against the Real Property.  These are among the factors that prompted the bankruptcy filing.

9. In addition to HLA, an affiliated non-debtor entity Ridge Creek operates a wilderness program and a therapeutic boarding school on the Real Property.

10. Subsequent to the filing, the judgment in the District Court Litigation was satisfied by a non-debtor Defendant.  On August 3, 2009, the Plaintiffs filed consent motions requesting dismissal of the garnishment actions and release of garnished funds.  The Debtor and Academy expect to receive the garnished funds at any times.

11. Due to the litigation, foreclosure, and negative publicity surrounding the litigation and bankruptcy on various web sites and blogs, Debtor is experiencing great difficulty in enrolling students.  Debtor has determined that the best way to proceed forward with the reorganizational is to lease its premises and facilities to Ridge Creek.

12. Ridge Creek continues to see an increase in enrollment.  Debtor is in the process of obtaining the necessary approvals from the State of Georgia to lease its facilities to Ridge Creek.  Debtor will file the appropriate pleadings and documentation

---

[1] Hidden Lake Foundation, Inc. is a nonprofit corporation that raises funds for the school.

with the Bankruptcy Court to obtain approval for this transition. Debtor recently retained a new business manager that will begin work in mid-August. The business manager will coordinate the Debtor's financial affairs and assist with, among other things, the preparation of monthly operating reports and any other reports requested by the US Trustee or BB&T.

13. Debtor and counsel for the Academy previously discussed this transition with counsel for BB&T which holds the lien on the Real Property and is the largest creditor in both cases.

Submitted this 10th day of August, 2009.

        M. DENISE DOTSON, LLC

        */s/ M. Denise Dotson*
        M. Denise Dotson
        Georgia Bar No. 227230
        170 Mitchell Street
        Atlanta, Georgia 30309
        (404) 526-8869 Telephone
        (404) 526-8855 Facsimile

        Counsel for the
        Debtor and Debtor in Possession

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a true and correct copy of the within and foregoing document by placing same in a properly addressed envelope with adequate postage affixed thereon by placing same in the U.S. Mail upon those parties referenced below:

>Office of the United States Trustee
>362 Richard B. Russell Federal Building
>75 Spring Street
>Atlanta, GA 30303
>(via e-mail jim.h.morawetz@usdoj.gov)

>John A. Thomson Jr.
>Womble Carlyle Sandridge & Rice, PLLC
>1201 W. Peachtree St., N.W., Suite 3500
>Atlanta, GA 30309-3460
>(via e-mail jthomson@wcsr.com)

This 10th day of August, 2009.

>M. DENISE DOTSON, LLC
>
>*/s/ M. Denise Dotson*
>M. Denise Dotson
>Georgia Bar No. 227230
>170 Mitchell Street
>Atlanta, Georgia 30309
>(404) 526-8869 Telephone
>(404) 526-8855 Facsimile