UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-22026-reb |
| HLA, INC., | |
| | CHAPTER 11 |
| DEBTOR. | |

### WILLIE LOCUST AND LEE LOCUST'S OBJECTIONS TO THE DEBTOR'S DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION AND OBJECTION TO DEBTOR'S CLASSIFICATION OF THEIR CLAIM AS DISPUTED

COMES NOW Willie Locust and Lee Locust (the "Creditors"), by an through the undersigned counsel, and pursuant to 11 USC § 1109 and 11 USC §1128, submits this Objection to Debtor's Disclosure Statement and Plan of Reorganization and Objection to Debtor's Classification of their Claim as Disputed, by showing and stating as follows:

1.

On October 30, 2009, Debtor filed its Plan of Reorganization (the "Plan").

2.

Creditors contend that the Plan constitutes a bad faith effort to avoid substantial repayment of obligations incurred pursuant to that certain Consent Judgment in favor of Creditor dated September 26, 2007 (the "Consent Judgment"). A true and correct copy of the Consent Judgment is attached hereto as Exhibit A.

3.

Pursuant to the Consent Judgment, Debtor was to pay Creditors the amount of $102,984.21, plus interest at the rate of 8.5% per annum, dating from November 1, 2006.

As of November 1, 2009, the amount payable pursuant to the Consent Judgment totaled $131,540.61 (the "Debt").

4.

Pursuant to the Consent Judgment, Creditors agreed not to enforce the Consent Judgment for a period of eighteen months (the "Grace Period"). Immediately following the expiration of the Grace Period, Debtor filed its Chapter 11 petition.

5.

The Debtor should not be permitted to avail itself to the benefits of the Bankruptcy Code when it is clear that the Debtor, with full knowledge of its financial condition, entered into the Consent Judgment, in bad faith, with the knowledge that it would utilize the Bankruptcy Code, after the expiration of the Grace Period, to effectively circumvent its obligations pursuant to the Consent Judgment. Therefore, neither the pursuit of the bankruptcy nor the submission of the Plan or the Disclosure Statement, is in good faith.

6.

Additionally, knowing that it had willingly, and for sufficient consideration, entered into the Consent Judgment, the Debtor wrongfully classified the Debt owed to the Creditors as "Disputed"; however, it is abundantly clear that there is no legitimate dispute concerning the Debt or the Consent Judgment. Indeed, the Debtor took full advantage of the Consent Judgment in its avoidance of further litigation.

WHEREFORE, Willie Locust and Lee Locust objects to the confirmation of the Debtor's Plan for Reorganization, Debtor's classification of Creditor's Debt as Disputed,

and Debtor's Disclosure Statement, and further requests such other relief as the Court deems just and proper.

This 19th day of November, 2009.

Respectfully Submitted,

Molden Holley & Thompson, LLC

/s/ ONI HOLLEY
Oni A Holley
Georgia Bar No. 362227
Peachtree Center – South Tower
225 Peachtree Street, NE
Suite 1900
Atlanta, GA 30303
Phone: (404)324-4500
Facsimile: (404)324-4501

Attorney for Creditors Willie Locust and Lee Locust

# Exhibit

# A

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| WILLIE LOCUST and LEE LOCUST, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. 07-1-6053 |
| HLA, INC. dba HIDDEN LAKE ACADEMY, | ) ) ) | |
| Defendant. | ) ) | |

## CONSENT JUDGMENT

WHEREAS Plaintiffs WILLIE LOCUST and LEE LOCUST and Defendant HLA, INC., by and through their counsel of record, have announced to this Court that they have reached an agreement to resolve this civil action by means of a consent judgment; and

WHEREAS as part of the resolution of this civil action, Plaintiffs have agreed for eighteen (18) months not to obtain a writ of fieri facias or otherwise seek to enforce this judgment against Defendant HLA, Inc. provided Defendant comply with certain conditions;

IT IS ORDERED THAT Plaintiffs Willie Locust and Lee Locust shall have judgment against Defendant HLA, Inc. in the amount of $102,984.21, plus interest at the rate of 8.5% per annum dating from November 1, 2006. Plaintiffs are also awarded judgment for their attorney's fees in the amount of $4,200.

IT IS FURTHER ORDERED THAT Plaintiffs Willie Locust and Lee Locust shall not, for eighteen (18) months from the date of this judgment, obtain a writ of fieri facias or otherwise seek to enforce this judgment against Defendant HLA, Inc., provided however that, during that time and upon written request by Plaintiffs, Defendant provides the most current, complete, and

accurate documentation then available disclosing Defendant's financial condition, including, but not limited to, profit and loss statements, balance sheets, status reports of other pending litigation, and any other reports or disclosures that the parties shall agree to include within such reporting.

The parties further represent their full intent to be bound by this Consent Judgment. Accordingly, no provision of law which would otherwise limit Plaintiffs' ability or time to obtain a writ of fieri facias or otherwise enforce this judgment shall apply to the parties hereto with respect to this judgment.

This 26th day of Sept, 2007.

JUDGE, COBB SUPERIOR COURT

Consented to by:

Kenneth Thompson, Jr.
Ga. Bar No. 708706
Attorney for Plaintiffs
Willie Locust and Lee Locust

Robert A. Barnaby by KTjr
Robert A. Barnaby II    W.E.P.
Ga. Bar No. 038525
Attorney for Defendant HLA, Inc.

- 2 -