**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 2:09-bk-22026-reb |
| | : | |
| HLA, INC., | : | |
| | : | CHAPTER 11 |
| DEBTOR. | : | |

### WILLIE LOCUST AND LEE LOCUST'S BRIEF IN SUPPORT OF THEIR AMENDED MOTION TO DISMISS

COMES NOW Willie Locust and Lee Locust (the "Creditors"), by and through the undersigned counsel, and pursuant to 11 USC §§ 1109 and 1112, submits this Brief in Support of their Amended Motion to Dismiss the above-styled case, by showing and stating as follows:

### INTRODUCTION

HLA, INC. (the "Debtor") operates a private school known as "Hidden Lake Academy" in Dahlonega, Georgia. On or about July 2006, Creditors entered into an agreement with Debtor that permitted Creditors to enroll their son into Hidden Lake Academy. On or about July or August of 2006, Creditors paid Hidden lake Academy tuition in the amount of $118,994.00. Creditors' son was subsequently withdrawn from the school and the Creditors never received reimbursement for the tuition that was prepaid. Debtor represented to Creditors that Debtor would refund, to Creditors, all prepaid tuition. Debtor failed to do so, and Creditors filed suit in the Fulton County Superior Court on February 28,

2007.  On September 26, 2007, the parties entered into a Consent Judgment in favor of the Creditors ("the Consent Judgment").

On October 30, 2009, Debtor filed its Plan of Reorganization (the "Plan").  The Plan constitutes a bad faith effort to avoid substantial repayment of obligations incurred pursuant to a Consent Judgment in favor of Creditors.  Under the Consent Judgment, Debtor was obligated to pay Creditors the amount of $102,984.21, plus interest at the rate of 8.5% per annum, dating from November 1, 2006.  As of November 1, 2009, the amount payable pursuant to the consent Judgment totaled $131,540.61 (the "Debt").  Moreover, pursuant to the Consent Judgment, Creditors agreed not to enforce the Consent Judgment for a period of eighteen months (the "Grace Period").  Immediately following the expiration of the Grace Period, Debtor filed its Chapter 11 petition.

As explained below, Debtor filed its petition for bankruptcy in order to avoid its obligations to pay Creditors pursuant to the Consent Judgment.  Accordingly, Debtor's petition is due to be dismissed under applicable law.

## **ARGUMENT AND AUTHORITY**

11 U.S.C.S. § 1112(b) provides in pertinent part that on request of a party in interest, and after notice and a hearing the court shall dismiss a petition for bankruptcy under Chapter 11 where it is in the best interests of creditors and the estate and if the party moving for dismissal establishes cause.  "Although a finding of a lack of good faith is not among the grounds listed in 11 U.S.C.S. § 1112(b), it is nonetheless a ground for dismissal of a Chapter 11 Bankruptcy case. *In re: Northwest Place, Ltd.*, 108 B.R. 809, 814 (N.D. Ga. 1988).  In determining bad faith, there is no specific standard.  However, findings of bad faith are "based on a conglomerate of factors

2

rather than on any single datum." *In re: Northwest Place, Ltd.*, 108 B.R. at 814. Factors considered in determining bad faith include, but are not limited to, "(1) Whether the pre-petition conduct of the debtor has been improper; and (2) Whether the petition effectively allows the debtor to evade court orders." *Id*. at 814.

The Debtor here should not be permitted to avail itself of the protections of the Bankruptcy Code when it is clear that the Debtor, with full knowledge of its financial condition, entered into the Consent Judgment with the intent file for bankruptcy upon expiration of the Grace Period in order to circumvent its obligations pursuant to the Consent Judgment. Because Debtor's petition for Chapter 11 Bankruptcy was filed in bad faith, this Court should dismiss it forthwith.

## CONCLUSION

For the foregoing reasons, Willie Locust and Lee Locust request that the Court enter an order dismissing the Debtor's case and for such other relief as the Court deems just and proper.

This 30th day of November, 2009.

    Molden Holley & Thompson, LLC

    /s/ Oni A. Holley_____
    Oni A Holley
    Georgia Bar No. 362227
    Regina S. Molden
    Georgia Bar No. 515454
    Peachtree Center – South Tower
    225 Peachtree Street, NE
    Suite 1900
    Atlanta, GA 30303
    Phone: (404)324-4500
    Facsimile: (404)324-4501
    Oholley@moldenholley.com
    Rmolden@moldenholley.com

Attorneys for Creditors Willie Locust and Lee Locust

4

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 2:09-bk-22026-reb |
| | : | |
| HLA, INC., | : | |
| | : | CHAPTER 11 |
| DEBTOR. | : | |

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and forgoing WILLIE LOCUST AND LEE LOCUST'S BRIEF IN SUPPORT OF THEIR AMENDED MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following Parties of record:

| | |
|---|---|
| M. Denise Dotson | James H. Morawetz |
| M. Denise Dotson, LLC | Office of U.S. Trustee |
| 170 Mitchell St. | Richard Russell Bldg, Suite 362 |
| Atlanta, Georgia 30303 | 75 Spring Street, SW |
| | Atlanta, GA 30303 |

This 30th day of November, 2009.

Molden Holley & Thompson, LLC

/s/ Oni A. Holley
Oni A Holley
Georgia Bar No. 362227

Attorneys for Creditors Willie Locust and Lee Locust

5